IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Pilot Travel Centers LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-0710-DCN |
| vs. ) | |
| ) | **ORDER** |
| BarGib Enterprises, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The following matter is before the court on plaintiff Pilot Travel Center LLC's ("Pilot") motion for reconsideration, ECF No. 53. On February 28, 2020, the court granted Pilot's motion for summary judgment. ECF No. 37. Defendant BarGib Enterprises, Inc. ("BarGib") filed a motion for reconsideration with respect to that order, ECF No. 40, which the court denied on August 4, 2020, ECF No. 46. On August 14, 2020, Pilot filed a motion for attorney's fees. ECF No. 47. Shortly thereafter, BarGib appealed the court's August 4, 2020 order to the Fourth Circuit. ECF No. 48. Consequently, the court denied without prejudice Pilot's motion for attorney's fees during the pendency of the appeal. ECF No. 51. Pilot now seeks reconsideration of that order.

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment. The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available

1

earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 1995 WL 520978, *5 n. 6 (4th Cir. 1995) (unpublished)).

The court's denial of Pilot's motion for attorney's fees does not emanate such a stench. As Pilot notes in its own motion, a court may decline to consider motion for attorney's fees after the opposing party has filed an appeal on the merits of the action. See ECF No. 53-1 at 3; see also Fed. R. Civ. P. 54 advisory committee's note to 1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice."). The court did just that in its order denying Pilot's motion for attorney's fees with prejudice. Further, as BarGib notes, the court's reconsideration of its denial order would require BarGib to amend its appeal to include the issue of fees, likely delaying the Fourth Circuit's resolution of this action's merits.

Accordingly, the court **DENIES** the motion to reconsider.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**May 18, 2021
Charleston, South Carolina**

3